**CASE NO. 24-3809**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**TERRELL ANTHONY HARGROVE,**
*Petitioner-Appellant,*

v.

**IAN HEALY, WARDEN,**
*Respondent-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

_____

**BRIEF OF APPELLANT TERRELL HARGROVE**

_____

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

CATHERINE ADINARO SHUSKY
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856
cathi_shusky@fd.org

*Counsel for Petitioner-Appellant Terrell Hargrove*

# TABLE OF CONTENTS

Table of Authorities ........................................................................................... ii

Statement Regarding Oral Argument ...........................................................v

Jurisdictional Statement ...............................................................................1

Issues Presented for Review .........................................................................2

Statement of the Case and Facts ...................................................................3

Summary of Argument ..................................................................................9

Argument........................................................................................................11

I.      The district court erred in dismissing Mr. Hargrove's petition ....................11

        A.      Standard of Review ..............................................................12

        B.      Mr. Hargrove's petition is not moot despite his subsequent
                release from the Bureau of Prisons ......................................12

        C.      Mr. Hargrove is eligible for FSA credits towards his sentence in
                case number 3:18-CR-001.......................................................13

                i.      Mr. Hargrove served two separate prison terms ........................13

                ii.     Mr. Hargrove is ineligible for FSA credits in case number
                        3:06-CR-026 but is eligible for credits in case number
                        3:18-CR-001...............................................................15

        D.      Mr. Hargrove was not required to complete the administrative
                exhaustion process before filing his petition with the court ..............19

Conclusion   .................................................................................................21

Certificate of Service and Conformity.................................................................22

Designation of District Court Documents .............................................................23

# TABLE OF AUTHORITIES

## CASES

*Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020)........................................16

*Burke v. Barnes*, 479 U.S. 361 (1987) ....................................................................12

*Cazares v. Hendrix*, 575 F. Supp. 3d 1289 (D. Or. Dec. 15, 2021).........................20

*Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999)................................................12

*Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159 (3d Cir. 2016) .......................19

*Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383 (2015) ....................................18

*Dyer v. Fulgam*, No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249
    (E.D. Tenn. May 20, 2022).............................................................................12, 13

*McCarthy v. Madigan*, 503 U.S. 140 (1992) ...........................................................19

*Parker Drilling Mgmt. Servs., Ltd. V. Newton*, 139 S. Ct. 118 (2019)....................16

*Republic of Sudan v. Harrison*, 587 U.S. 1 (2019)..................................................15

*Southwest Airlines Co. v. Saxon*, 596 U.S. 450 (2022) ...........................................15

*United States v. Calabrese*, No. 1:11-CR-00437, 2023 WL 1969753
    (N.D. Ohio Feb. 13, 2023)...................................................................................13

*United States v. Mincey*, No. 1:18-cr-194, 2022 U.S. Dist. LEXIS 181765
    (D. N.D. Oct. 4, 2022) .........................................................................................13

*United States v. Hargrove*, 3:06-CR-026 (E.D. Va.)......................................3, 4, 14

*United States v. Hargrove*, 3:18-CR-001 (E.D. Va.)..........................................*passim*

ii

## FEDERAL STATUTES

18 U.S.C. § 924 ...............................................................................6, 11, 16

18 U.S.C. § 3632 .....................................................................................*passim*

18 U.S.C. § 3635 .........................................................................................16

21 U.S.C. § 841 ...........................................................................................16

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 2241 ..................................................................................*passim*

34 U.S.C. § 60541 .......................................................................................17

## RULES

FED. R. APP. P. 34.........................................................................................v

6TH CIR. R. 34 ..............................................................................................v

## ADDITIONAL CITATIONS

First Step Act of 2018 § 101 .....................................................................17

First Step Act of 2018 § 603 .....................................................................17

## **STATEMENT REGARDING ORAL ARGUMENT**

Appellant Terrell Hargrove waives oral argument under Federal Rule of Appellate Procedure 34(a)(2)(C). The issue presented in this appeal is adequately addressed through briefing.

## JURISDICTIONAL STATEMENT

The United States District Court for the Northern District of Ohio had original jurisdiction under 28 U.S.C. § 2241, because Terrell Hargrove was in federal custody within the Northern District of Ohio at the time he filed his petition and was alleging he was being denied the application of Earned Time Credits by the Bureau of Prisons. (R. 1: Pro Se 2241, PageID 1-9; R. 12: Response, PageID 96-105; R. 16: Hargrove Statement on Jurisdiction; R. 19: Warden Statement on Jurisdiction). On August 28, 2024, the district court dismissed Mr. Hargrove's petition. (R. 20: Opinion & Order, PageID 131-140).

On September 6, 2024, Mr. Hargrove filed a timely notice of appeal. (R. 22: Notice of Appeal, PageID 142). This Court has jurisdiction over Mr. Hargrove's appeal under 28 U.S.C. § 1291.

## ISSUES PRESENTED FOR REVIEW

I.     In the First Step Act Congress mandated the Bureau of Prisons provide time-credit incentives for inmates who have completed certain recidivism programming or productive activities. These credits may be applied toward time in prerelease custody or supervised release. Can the district court apply the unused time credits to reduce a term of supervised release?

II.    Congress provided that inmates serving a sentence for a conviction under a number of specified statutes are ineligible for First Step Act time credits. When determining eligibility, the statute does not instruct the Bureau of Prison to aggregate multiple, separate sentences when determining eligibility. Did the district court err in concluding the Bureau of Prisons properly aggregated Mr. Hargrove's separate sentences for eligibility determination?

III.   Exhaustion of administrative remedies is a waivable judicial rule, which may be excused where the petitioner may suffer irreparable harm from the delay and when the claim turns on statutory construction. Was Mr. Hargrove required to complete the administrative exhaustion process before filing for relief with the district court when his claim turned on an issue of statutory construction and the delay would have caused him to serve more time in prison?

2

## <u>STATEMENT OF THE CASE AND FACTS</u>

In May 2006, Terrell Hargrove pled guilty to one count of conspiracy to distribute and possession with the intent to distribute a controlled substance and one count of possessing a firearm in furtherance of a drug trafficking crime. (Minute Entry for Plea Hearing, *United States v. Hargrove*, No. 3:06-CR-026 (E.D. Va. May 1, 2006), ECF No. 11). On July 11, 2006, the district court in the Eastern District of Virginia sentenced Mr. Hargrove to 144 months in prison, followed by five years of supervised release. (Judgment Entry, *Hargrove*, No. 3:06-CR-026 (E.D. Va. July 11, 2006), ECF No. 19, PageID 441-443). Mr. Hargrove's sentence was later reduced to 120 months based on retroactive changes to the guidelines. (Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. June 16, 2008), ECF No. 28; Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Jan. 5, 2012), ECF No. 35, PageID 53). Mr. Hargrove began his five years of supervision on July 10, 2015, and his "initial adjustment to supervision was positive." (Petition on Supervised Release, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Nov. 17, 2015), ECF No. 54, PageID 159).

In November 2015, Mr. Hargrove was accused of assault in state court. On December 15, 2015, the district court found Mr. Hargrove in violation of his supervision and sentenced him to 12 months in prison, with four years of supervised release to follow. (Violation Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Dec. 1, 2015), ECF No. 61, PageID 168). He was released from the Bureau of Prisons and

3

began his supervision on November 16, 2016. (Second Petition on Supervision, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Dec. 21, 2017), ECF No. 63, PageID 172). "While on supervision, he maintained a stable residence, reported as directed, tested negative for illegal drug use, maintained gainful employment, and completed an anger management program with Behavioral Awareness Center." (Second Petition on Supervision, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Dec. 21, 2017), ECF No. 63, PageID 172).

In December 2017, Mr. Hargrove was arrested on a new federal criminal complaint for distribution of a controlled substance, (*United States v. Hargrove*, No. 3:18-CR-001 (E.D. Va.)), and a second supervised release violation report was filed, (Second Petition on Supervision, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Dec. 21, 2017), ECF No. 63, PageID 172). On May 29, 2018, Mr. Hargrove was found guilty of violating his supervision and sentenced to 57 months in prison, with no supervision to follow. (Second Violation Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. May 29, 2018), ECF No. 71, PageID 196-197). The district court further ordered that his prison sentence be served consecutive to the sentence imposed in case number 3:18-CR-001.

In case number 3:18-CR-001, Mr. Hargrove pled guilty to one count of distributing a controlled substance and was sentenced to 46 months in prison and five years of supervised release. (Judgment Entry, *Hargrove*, No. 3:18-CR-001 (E.D.

4

Va. May 29, 2018), ECF No. 34, PageID 171-173). His sentence was later reduced to 41 months based on the First Step Act. (Order, *Hargrove*, No. 3:18-CR-001 (E.D. Va. Feb. 24, 2024), ECF No. 69, PageID 677). Mr. Hargrove began serving his two sentences: one sentence of 57 months for violating supervised release and a separate sentence of 41 months for distributing a controlled substance.

While in custody of the Bureau of Prisons ("BOP"), Mr. Hargrove participated in numerous rehabilitative programs and earned a significant amount of First Step Act ("FSA") time credits towards his release. (R. 12: Response, PageID 97). However, in April of 2023, Mr. Hargrove noticed he was only receiving 10 days of FSA credits a month, instead of the expected 15 days. Mr. Hargrove submitted a request to the BOP's regional office for the additional credits. (R. 11-1: Answer, PageID 69, 94). He was later told he must first make the request to the warden. On June 27, 2023, Mr. Hargrove made that request, which the warden denied on July 7, 2023. (R. 11-1: Answer, PageID 69-70, 94). Mr. Hargrove appealed to the region on July 19, 2023. (R. 11-1: Answer, PageID 70, 94). On August 19, 2023, Mr. Hargrove's attorney from the Eastern District of Virginia emailed the BOP's regional office to ask about the status of Mr. Hargrove's appeal, explaining that if the credits were calculated properly, Mr. Hargrove would be eligible for immediate release. (R. 12-1: Counsel's Letter). Counsel received no response from the BOP's regional office. This issue was never resolved by the BOP.

5

On September 6, 2023[1], the day Mr. Hargrove was supposed to be released from the BOP to the halfway house, the BOP revoked his FSA earned time credits and pushed back his release date. (R. 12-2: Email to Warden, PageID 108). This was the first time the BOP found Mr. Hargrove to be ineligible for FSA credits. Mr. Hargrove submitted an informal resolution form to his unit manager who concluded Mr. Hargrove was ineligible for FSA credits because one of the sentences he was serving was for a supervised release violation where the underlying case included a conviction for 18 U.S.C. § 924(c). (R. 1-1: Admin. Remedy, PageID 12). Then Mr. Hargrove, pursuant to the BOP's administrative procedures, submitted a request for an administrative remedy to the warden. (R. 1-1: Admin. Remedy, PageID 11).

On September 25, 2023, while waiting on the warden's response, Mr. Hargrove filed a petition for habeas corpus, seeking to have his time credits applied towards his sentence and any unused FSA credits applied towards his term of supervision. (R. 1: Pro Se 2241, PageID 8). Mr. Hargrove filed the petition in the Northern District of Ohio because he was incarcerated in that district at FCI Elkton. The warden answered and moved to dismiss Mr. Hargrove's petition. (R. 11: Answer, PageID 58-95). The warden alleged Mr. Hargrove failed to exhaust his

---

[1] This date is listed as September 5, 2023, in Mr. Hargrove's email to the warden, (R. 12-2: Email to Warden, PageID 108), and September 6, 2023, in the pro se habeas petition, (R. 1: Pro Se 2241, PageID 7). For consistency, Counsel uses the date Mr. Hargrove listed in his petition but for purposes of appeal the exact date is not crucial.

6

administrative remedies and was "ineligible to receive FSA time credits because he [was] currently incarcerated for possession of a firearm in relation to a drug trafficking crime, among other crimes." (R. 11: Answer, PageID 58). Mr. Hargrove responded arguing: (1) the court should excuse his failure to exhaust his administrative remedies because the question involves one of statutory construction and Mr. Hargrove faces imminent irreparable harm in any delay; and (2) Mr. Hargrove is serving two sentences. Although he conceded he was ineligible for FSA credits on his supervised release violation sentence, he maintained he is eligible for FSA credits on his other sentence in case number 3:18-CR-001.

On August 7, 2024, the district court ordered the parties to file a notice of their position on the court's jurisdiction because, since filing his petition, Mr. Hargrove had been released to home confinement in Virginia and was therefore no longer being held in the Northern District of Ohio. (R. 15: Order, PageID 120). Both parties agreed that the district court continued to have jurisdiction to rule on the petition. (R. 16: Hargrove Statement, PageID 121-122; R. 19: Warden Statement, PageID 127-130).

On August 28, 2024, the district court granted the warden's motion to dismiss. (R. 20: Order, PageID 131-140). The district court concluded Mr. Hargrove's two sentences were properly aggregated by the BOP, making him ineligible for FSA credits for either sentence. (R. 20: Order, PageID 139-140).

Mr. Hargrove filed a timely notice of appeal and challenges the district court's dismissal of his petition. (R. 22: Notice of Appeal, PageID 142). After the filing of the notice of appeal, Mr. Hargrove was released from BOP custody and began serving his term of supervised release in case number 3:18-CR-001.

## SUMMARY OF ARGUMENT

In the First Step Act, Congress mandated the Bureau of Prisons provide time-credit incentives for inmates who have completed certain recidivism programming. Congress expressly stated that a person is ineligible for these time credits if they were serving a sentence for a conviction for any number of specified statutes. Unless they are serving a sentence for a disqualifying offense, however, they are eligible for the credits. These credits may be applied toward time in prerelease custody or supervised release.

Mr. Hargrove's appeal is not moot. After the district court's denial of Mr. Hargrove's petition, he was released from the custody of the Bureau of Prisons, but he continues to serve time on supervised release. Because the First Step Act expressly allows the credits to be applied toward supervision, a remedy still exists, and Mr. Hargrove's appeal is not moot.

Mr. Hargrove is eligible for earned time credits on one of his two cases. Mr. Hargrove was sentenced to two separate prison sentences. He agrees he is ineligible for time credits on one of his cases. This, however, does not disqualify him from receiving credits on his second case. Nothing in the statute permits the Bureau of Prisons to aggregate separate sentences when determining First Step Act time credit eligibility. Both the plain language in the statute and the different language used in other parts of the statute support the finding that aggregation of sentences was not

9

contemplated by Congress. Because Mr. Hargrove was eligible for earned time credits on one of his sentences, the district court erred in dismissing his petition.

Mr. Hargrove was not required to complete the administrative exhaustion process. Courts have found that exhaustion is properly waived if the petitioner will suffer irreparable harm from the delay and when the claim turns on statutory construction. Mr. Hargrove's claim is one of statutory construction, *i.e.*, whether the First Step Act permits the Bureau of Prisons to aggregate multiple separate sentences when determining earned-time credit eligibility. Mr. Hargrove was also facing irreparable harm from any delay. The delay in applying Mr. Hargrove's time credits resulted in him serving more time in prison than he would have otherwise. This Court should conclude Mr. Hargrove was excused from exhausting his administrative remedies.

## ARGUMENT

### I.   The district court erred in dismissing Mr. Hargrove's petition.

The First Step Act of 2018 ("FSA") mandates the Bureau of Prisons provide time-credit incentives for inmates who have completed certain recidivism programs or productive activities. 18 U.S.C. § 3632(d)(4). Individuals with a minimum or low risk of recidivism are entitled to 15 days of time credits, which "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). Inmates are ineligible for these earned time credits ("ETC") if they are "serving a sentence for a conviction" under any one of a number of specified statutes, including, as relevant here, Section 924(c), relating to the unlawful possession or use of a firearm during a drug trafficking crime. 18 U.S.C. § 3632(d)(4)(D).

It is undisputed that Mr. Hargrove earned 365 days of FSA credit. (R. 1-2: Sentence Computation Apr. 27, 2023, PageID 14). It is also undisputed that the BOP was applying Mr. Hargrove's FSA credits towards his prerelease custody until September 6, 2023, when, on the day of his scheduled release, the BOP abruptly changed course and concluded Mr. Hargrove was not eligible for FSA credits. (*Compare* R. 1-2: Sentence Computation Apr. 27, 2023, PageID 14, *with* R. 1-3: Sentence Computation Sept. 6, 2023, PageID 24). After the BOP refused to reinstate his earned FSA credits, Mr. Hargrove filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (R. 1: Pro Se 2241, PageID 1-33). The district court erroneously

11

concluded Mr. Hargrove was not eligible for FSA credits and dismissed Mr. Hargrove's petition. (R. 20: Opinion and Order, PageID 131-140).

### A. Standard of Review.

A district court's decision to dismiss a habeas corpus petition filed under 28 U.S.C. § 2241 is reviewed by this Court de novo. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999).

### B. Mr. Hargrove's petition is not moot despite his subsequent release from the Bureau of Prisons.

Article III of the United States Constitution requires a live case or controversy at the time a federal court decides a case. "[I]t is not enough that there may have been a live case or controversy when the case was decided by the [district] court whose judgment [this Court] is reviewing." *Burke v. Barnes*, 479 U.S. 361, 363 (1987). Mr. Hargrove's case continues to present a "live case or controversy" despite being released from the BOP.

The plain language of the FSA permits ETCs to be applied toward supervised release. *See* 18 U.S.C. § 3632(d)(4)(C) "Time credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody *or supervised release*." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). "[T]he unambiguous, mandatory language of the statute provides that earned-time credits may be applied to a term of supervised release." *Dyer v. Fulgam*, No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249, at *3

12

(E.D. Tenn. May 20, 2022). *See also United States v. Mincey*, No. 1:18-cr-194, 2022 U.S. Dist. LEXIS 181765 (D.N.D. Oct. 4, 2022). *But see United States v. Calabrese*, No. 1:11-CR-00437, 2023 WL 1969753 (N.D. Ohio Feb. 13, 2023) (holding FSA credits cannot reduce the term of supervised release, it can only reduce a prison term to allow supervision to begin earlier).

Mr. Hargrove was released from BOP custody on November 22, 2024,[2] and began his five years of supervised release. (Judgment Entry, *Hargrove*, No. 3:18-CR-001 (E.D. Va. May 29, 2018), ECF No. 34, PageID 171-173). Because he is still serving a term of supervised release and the FSA credits may be applied towards his term of supervision, his appeal is not moot. *See Dyer*, No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249.

### C. Mr. Hargrove is eligible for FSA credits towards his sentence in case number 3:18-CR-001.

Mr. Hargrove was serving a prison sentence in two separate cases. Although he is ineligible for FSA credits on one of his cases, he is eligible for credits in the second case. The district court erred in finding Mr. Hargrove ineligible for ETCs in both cases.

### i.    Mr. Hargrove served two separate prison terms.

---

[2] https://www.bop.gov/inmateloc/

Mr. Hargrove was sentenced to 120 months in prison and five years of supervision for a drug conspiracy and possessing a firearm in furtherance of a drug trafficking offense. (Judgment Entry, *Hargrove*, No. 3:06-CR-026 (E.D. Va. July 11, 2006), ECF No. 19, PageID 441-443; Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. June 16, 2008), ECF No. 28; Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Jan. 5, 2012), ECF No. 35, PageID 53). After being released from prison and while on supervision, Mr. Hargrove was charged with a new federal drug offense, (*United States v. Hargrove*, No. 3:18-CR-001 (E.D. Va.)), and a supervised release violation report was filed, (Second Petition on Supervision, *Hargrove*, No. 3:06-CR-026 (E.D. Va. Dec. 21, 2017), ECF No. 63, PageID 172).

On May 29, 2018, Mr. Hargrove was found guilty of violating his supervision and sentenced to 57 months in prison, with no supervision to follow. (Second Violation Order, *Hargrove*, No. 3:06-CR-026 (E.D. Va. May 29, 2018), ECF No. 71, PageID 196-197). The district court further ordered that his prison sentence be served consecutive to the sentence imposed in his new federal case, case number 3:18-CR-001. That same day, in case number 3:18-CR-001, Mr. Hargrove pled guilty to one count of distributing a controlled substance and was sentenced to 46 months in prison and five years of supervised release. (Judgment Entry, *Hargrove*, No. 3:18-CR-001 (E.D. Va. May 29, 2018), ECF No. 34, PageID 171-173). His

14

sentence was later reduced to 41 months based on the First Step Act. (Order, *Hargrove*, No. 3:18-CR-001 (E.D. Va. Feb. 24, 2024), ECF No. 69, PageID 677).

At the end, Mr. Hargrove was ordered to serve two separate, consecutive prison sentences: a 57-month sentence in case number 3:06-CR-026, and a 41-month sentence in case number 3:18-CR-001.

### ii. Mr. Hargrove is ineligible for FSA credits in case number 3:06-CR-026 but is eligible for credits in case number 3:18-CR-001.

Congress mandated the BOP to provide time-credit incentives when certain statutory criteria are met. 18 U.S.C. § 3632(d)(4)(A), (C). Instead of delegating to the BOP, Congress dictated who would not be eligible for FSA credits. Specifically, Congress, by statute, directed that only people "serving a sentence for a conviction" under one of 68 categories of offenses would be ineligible. 18 U.S.C. § 3632(d)(4)(D). The district court incorrectly interpreted the "serving a sentence" provision to include any prisoner serving multiple, separate, sentences if any one of the sentences include a disqualifying offense. (R. 20: Opinion, PageID 136-140).

Statutory interpretation always begins with the language of the statute. *Republic of Sudan v. Harrison*, 587 U.S. 1, 8 (2019). The language is interpreted according to its "ordinary, contemporary, common meaning." *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 455 (2022) (citation omitted). "To discern that ordinary meaning, . . . words 'must be read' and interpreted 'in their context,' not in isolation."

15

*Id.* (citing *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 139 S. Ct. 1881, 1888 (2019)). "[W]hen the meaning of the statute's terms is plain, our job is at an end." *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 674 (2020).

Section 3632(d)(4)(A), provides that "[a] prisoner, except for an ineligible prisoner under subparagraph D, who successfully completes [programming] shall earn time credits . . . ." A "prisoner" is defined, in relevant part, as "a person who has been sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense." 18 U.S.C. § 3635(4). And subparagraph (D) provides that a "prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction" for an offense listed as disqualifying him from earning time credits. 18 U.S.C. § 3632(d)(4)(D).

Mr. Hargrove served two sentences. One was for a conviction for an eligible offense (21 U.S.C §§ 841). The other was for a violation of a supervised release term imposed for a § 924(c) conviction—an ineligible offense. But while Mr. Hargrove was *not* serving the § 924(c) revocation sentence, he *was* eligible to earn time credits under the plain language of the FSA. During that period, he was "a prisoner" (*i.e.,* he has been sentenced to a term of imprisonment pursuant to a conviction for a federal criminal offense) who is not "ineligible" under subparagraph D (*i.e.,* he is not serving a sentence for an offense listed in 3632(d)(4)(D)).

16

The plain language of the FSA dictates that Mr. Hargrove is eligible for FSA credits, except while he is "serving a sentence for" an ineligible offense and nothing in the statutory language of the FSA supports the conclusion that the BOP may aggregate multiple sentences for purposes of determining ETC eligibility. In fact, a comparison of the statutory language in the expanded Second Chance Act's elderly offenders program demonstrates that Congress did not intend the BOP to aggregate sentences under § 3632(d)(4)(D) to determine eligibility.

In the FSA, Congress expanded the Second Chance Act of 2007's pilot program for eligible elderly offenders to include eligible terminally ill offenders, among other changes. 34 U.S.C. § 60541(5)(c). Like the time-credit incentive, the expanded pilot program excludes certain inmates from eligibility. But rather than repeat the exclusionary language from the new time-credit program ("serving a sentence for a conviction"), Congress adapted its Second Chance Act definition of "eligible elderly offender."[3] Unlike the FSA time credit's exclusion provision, the terminally ill offender exclusion expressly applies to a defendant convicted of multiple offenses, so long as *any one* of the offenses is listed as a disqualifying offense. *See* FSA § 603(a)(5)(B). Under these terms, an individual is not eligible for the terminally ill offender pilot project if he is serving a "term of imprisonment" that includes *any* excludable offense.

---

[3] *Compare* FSA § 101(a), *with* FSA § 603.

The contrast between the language Congress selected to describe eligibility for early-release programs within the text of the FSA is conclusive. If Congress intended the same expansive exclusion for FSA time credits, it surely would have used the readily available language from the Second Chance Act to say so. But instead, it provided that an otherwise eligible individual is ineligible to earn FSA time credits only while serving "a sentence" for the excludable offense. The language of subparagraph 3632(d)(4)(D)'s exclusion is unique. It is not drawn from any other statute, and it is not repeated anywhere else in the FSA.

"Congress generally acts intentionally when it uses particular language in one section of a statute but omits it in another." *Dep't of Homeland Sec. v. MacLean*, 574 U.S. 383, 391 (2015). "Where a document has used one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea." *Southwest Airlines Co.*, 596 U.S. at 458 (cleaned up).

Because the plain language of the statute shows that any person serving a sentence for a conviction not listed as an excludable offense is eligible for ETCs and nothing in the statute suggests that multiple, separate sentences should be aggregated when determining eligibility, Mr. Hargrove was eligible for ETCs in case number 3:18-CR-001. He requests this Court vacate the district court's decision and remand his case for application of his ETCs towards his supervised release term.

**D. Mr. Hargrove was not required to complete the administrative exhaustion process before filing his petition with the court.**

18

Exhaustion is a waivable judicial rule, not a jurisdictional requirement under § 2241. *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); (R. 11: Answer, PageID 62 – acknowledging that there is no statutory exhaustion requirement in habeas). The United States Supreme Court has adopted a practical approach to when exhaustion may be excused. The Court has held: "[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *McCarthy*, 503 U.S. at 144. Judicially recognized exceptions to exhaustion include where the petitioner may suffer irreparable harm from delay, *McCarthy*, 503 U.S. at 147-149, and when claims turn on statutory construction, *Coleman v. U.S. Parole Comm'n*, 644 F. App'x 159, 162 (3d Cir. 2016). Mr. Hargrove meets this exception.

On September 5, 2023, Mr. Hargrove emailed the warden asking why he was not released that day. (R. 12-2: Email, PageID 108). After receiving no response, Mr. Hargrove submitted an informal resolution request to his unit team on September 6, 2023, as required by the BOP's Administrative Remedy Procedures. (R. 1-1: Admin. Remedy, PageID 12). His unit manager informed him that it was determined that he was ineligible for FSA ETCs. (R. 1-1: Admin. Remedy, PageID 12). Mr. Hargrove then submitted a written formal request to the warden on September 14, 2023. (R. 1-1: Admin. Remedy, PageID 11). On September 25, 2023,

19

while that request was pending, Mr. Hargrove filed his habeas petition with the district court. (R. 1: Pro Se 2241, PageID 1-9). The warden ultimately denied his request for ETCs on October 5, 2023. (R. 11-1: Answer, PageID 70, 95). Mr. Hargrove then appealed the warden's denial on October 23, 2023. (R. 12: Resp., PageID 98, 109). Mr. Hargrove did not receive any response. (R. 12: Resp., PageID 98). Thus, the record reflects that Mr. Hargrove attempted to exhaust his administrative remedies but concedes that he did file his petition before all of the remedies were resolved. However, Mr. Hargrove should be excused from exhaustion because he would have suffered from irreparable harm by any delay in applying his ETCs and his claim turned on an issue of statutory construction.

Mr. Hargrove faced imminent irreparable harm in the form of over-service of his sentence. At the time he filed his first informal request, his release date with credits had already passed. Although his ETCs may be applied toward his supervised release term, the delay in applying his credits resulted in him serving more time in prison than he should have. Additionally, his eligibility for ETCs presents an issue of statutory construction. *See, e.g., Cazares v. Hendrix*, 575 F. Supp. 3d 1289, 1294 (D. Or. Dec. 15, 2021) (excusing exhaustion of an earned time credit challenge where the dispute centered on statutory construction and the petitioners faced irreparable harm due to approaching release dates). Accordingly, this Court should find

20

that Mr. Hargrove was not required to delay his request for relief until the completion of the administrative remedies.

## **CONCLUSION**

Mr. Hargrove requests this Court vacate the district court's order dismissing his habeas petition.

Respectfully submitted,

*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY
Ohio Bar: 0088731
Office of the Federal Public Defender
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Phone: (216) 522-4856
Fax: (216) 522-4321
cathi_shusky@fd.org

Attorney for Terrell Hargrove

21

## CERTIFICATE OF SERVICE AND CONFORMITY

1.  I certify that on January 11, 2025, a copy of Appellant Terrell Hargrove Opening Brief was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

2.  This brief complies with the 13,000 type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as this brief contains 4,435 words in proportionally spaced font, Times New Roman, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

*/s/ Catherine Adinaro Shusky*
CATHERINE ADINARO SHUSKY

Attorney for Terrell Hargrove

22

## <u>DESIGNATION OF DISTRICT COURT DOCUMENTS</u>

Under Sixth Circuit Rules 28(b)(1)(A) and 30(g)(1), Appellant Terrell Hargrove

designates the following relevant district court documents:

| *United States v. Hargrove*, No. 3:06-CR-026 (E.D. Va.) | | |
|---|---|---|
| Record Entry # | Document Description | Page ID ## |
| 11 | Minute Entry for Plea Hearing | N/A |
| 19 | Judgment Entry | 36-38 |
| 35 | Order on Sentence Reduction | 134-145 |
| 54 | Petition on Supervised Release Violation | 188-232 |
| 61 | Violation Order | 245-255 |
| 63 | Second Petition on Supervised Release Violation | 257-264 |
| 71 | Second Violation Order | 269 |

| *United States v. Hargrove*, No. 3:18-CR-001 (E.D. Va.) | | |
|---|---|---|
| Record Entry # | Document Description | Page ID ## |
| 34 | Judgment Entry | 171-176 |
| 69 | Order on Sentence Reduction | 677 |

| *United States v. Hargrove*, No. 4:23-CV-01857 (N.D. Oh.) | | |
|---|---|---|
| Record Entry # | Document Description | Page ID ## |
| 1 | Habeas Petition § 2241 | 1-33 |
| 11 | Warden Return of Writ/Motion to Dismiss | 58-95 |
| 12 | Response to Respondent's Answer | 96-109 |
| 14 | Warden's Reply | 116 - 119 |
| 15 | Order | 120 |
| 16 | Hargrove's Position on Jurisdiction | 121-122 |
| 19 | Warden's Position on Jurisdiction | 127-130 |
| 20 | Opinion and Order | 131-140 |
| 21 | Order of Dismissal | 141 |
| 22 | Notice of Appeal | 142 |

Case: 24-3809    Document: 10    Filed: 01/11/2025    Page: 29

24