NO. 24-3809

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TERRELL ANTHONY HARGROVE

      Petitioner – Appellant

v.

IAN HEALY, Warden

      Respondent – Appellee

Appeal from the United States District Court
for the Northern District of Ohio

BRIEF OF APPELLEE

        CAROL M. SKUTNIK
        Acting United States Attorney
        Northern District of Ohio

By:    Kimberly L. Lubrani
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        Telephone: (216) 622-3703

        Attorney for Appellee

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ...................................................................................iv

STATEMENT REGARDING ORAL ARGUMENT .................................................ix

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES...............................................................................2

STATEMENT OF THE CASE...................................................................................2

    I.    FACTS RELEVANT TO THE ISSUES.................................................2

    II.   PROCEDURAL HISTORY ...................................................................5

    III.  RULINGS PRESENTED FOR REVIEW ............................................6

SUMMARY OF THE ARGUMENT .......................................................................7

ARGUMENT .............................................................................................................7

    I.    STATEMENT OF THE STANDARD OF REVIEW..........................7

    II.   THE CASE IS MOOT...........................................................................8

        A.  The Court Cannot Grant Hargrove's Requested Relief
            Because He is No Longer In BOP Custody..............................8

        B.  FSA Time Credits Cannot Be Applied Against a Term of
            Supervised Release.................................................................10

    III.  THE DISTRICT COURT CORRECTLY DISMISSED THE
        PETITION PURSUANT TO RULE 12(b)(6) .............................15

        A.  Hargrove Did Not Exhaust His Administrative Remedies,
            and No Exception Applies.....................................................16

ii

B.  Hargrove's Sentences Were Properly Aggregated for
      Purposes of Determining FSA Time Credits...........................18

CONCLUSION ...............................................................................................22

CERTIFICATE OF SERVICE

ADDENDUM

   DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

iii

TABLE OF AUTHORITIES

CASES                                                                    PAGE(S)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 8

*Brock v. U.S. Dep't of Justice*, 256 F. App'x 748 (6th Cir. 2007) ..................... 7, 8

*Bryant v. Garza, No. 4:22-CV-1907*, 2024 U.S. Dist. LEXIS 65411
     (N.D. Ohio Feb. 23, 2024) ............................................................. 14

*Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 U.S. App. LEXIS 5329
     (6th Cir. Feb. 28, 2022) ................................................................. 16

*Camara v. Neely,* No. 7:23-cv-00009-ACA-HNJ, 2023 U.S. Dist. LEXIS 118715,
     (N.D. Ala. June 8, 2023) ................................................................. 14

*Carras v. Williams*, 807 F.2d 1286 (6th Cir. 1986) ............................................. 8, 9

*Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021) ............. 20

*Cortez v. Hemingway,* No. 2:22-cv-12234, 2023 U.S. Dist. LEXIS 112467
     (E.D. Mich. June 29, 2023) ............................................................. 21

*Dyer v. Fulgam,* No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249
     (E.D. Tenn. May 20, 2020) .......................................................... 13, 14

*Fleenor v. Booker, No. 05-CV-108-JMH*, 2005 U.S. Dist. LEXIS 36191
     (E.D. Ky. July 18, 2005) ............................................................... 17

*Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010) ................................................. 17

*Goodman v. Sage,* No. 4:22-CV-00981, 2022 U.S. Dist. LEXIS 233946
     (M.D. Pa. Dec. 30, 2022) ............................................................... 21

*Guida v. Nelson*, 603 F.2d 261 (2d Cir. 1979) ...................................................... 16

*Harrison v. Fed. Bureau of Prisons*, No. 22-14312, 2022 WL 17093441
(S.D. Fla. Nov. 21, 2022) .............................................................. 14

*Jackson v. Fed. Bureau of Prisons,* No. 1:07CV1622, 2007 U.S. Dist. LEXIS
55448 (N.D. Ohio July 31, 2007) ................................................ 17

*Keeling v. LeMaster*, No. 22-6126, 2023 U.S. App. LEXIS 31169
(6th Cir. Nov. 22, 2023) ...................................................... 20, 21, 22

*Lane v. Williams*, 455 U.S. 624 (1982) ............................................... 9, 10

*Ledford v. Lemaster,* No. 23-30-DLB, 2023 U.S. Dist. LEXIS 52677
(E.D. Ky. Mar. 28, 2023) ........................................................... 20, 21

*Little v. Hopkins*, 638 F.2d 953 (6th Cir. 1981) ....................................... 16

*Lowery v. United States,* No. 4:20-cv-02440, 2021 WL 3209925
(N.D. Ohio July 29, 2021) ................................................................ 8

*Mackey v. Ward*, 128 F. App'x 676 (10th Cir. 2005) ............................... 18

*Moreno v. Ives*, 842 F. App'x 18 (9th 2020). ........................................ 20

*Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) ............. 16

*Paden v. United States*, 430 F.2d 882 (5th Cir. 1970) ............................ 16

*Preiser v. Rodriguez*, 411 U.S. 475 (1973) .............................................. 9

*Prieto v. Gluch*, 913 F.2d 1159 (6th Cir. 1990) ....................................... 9

*Rosales-Garcia v. Holland*, 322 F.3d 386 (6th Cir. 2003) ........................ 7

*Rose v. Yates,* No. 2:22-cv-00214 BSM/PSH, 2023 U.S. Dist. LEXIS 76553
(E.D. Ark. May 2, 2023) ................................................................. 1

*Sandhu v. Garland,* No. 3:23-CV-00088, 2023 WL 3173699
(N.D. Ohio May 1, 2023) ................................................................ 8

*Stein v. hhgregg, Inc.*, 873 F.3d 523 (6th Cir. 2017) ............................... 8

*Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 U.S. App. LEXIS 18026
 (3d Cir. July 17, 2023)  ................................................................................ 20

*United States v. Calabrese,* No. 1:11-CR-00437, 2023 WL 1969753
 (N.D. Ohio Feb. 13, 2023) ........................................................................... 14

*United States v. Courmier,* No. 1:16-CR-19(6), 2023 U.S. Dist. LEXIS 147766
 (E.D. Tex. Aug. 22, 2023) ............................................................................ 14

*United States v. Johnson*, 529 U.S. 53 (2000) ....................................................... 15

*Willis v. Ciccone*, 506 F.2d 1011 (8th Cir. 1974) ................................................. 16

*Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012) ..................................................... 7

*Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564 (6th Cir. 2008) ................. 7

STATUTES

18 U.S.C. § 924(c) ............................................................... 3, 5, 19, 21, 22

18 U.S.C. § 3553(a)(2)(D) ............................................................................. 15

18 U.S.C. § 3584(c) .................................................................................. 20, 22

18 U.S.C. § 3624(g) ....................................................................................... 13

18 U.S.C. § 3624(g)(3) ................................................................................... 13

18 U.S.C. § 3632 ..............................................................................................1

18 U.S.C. § 3632(a)(1) ...................................................................................18

18 U.S.C. § 3632(a)(3) ...................................................................................18

18 U.S.C. § 3632(d) ........................................................................................19

18 U.S.C. § 3632(d)(4)(C) ........................................................10, 11, 12, 13, 14

18 U.S.C. § 3632(d)(4)(D) ...............................................................19

18 U.S.C. § 3632(d)(4)(D)(xxii) ....................................................19

21 U.S.C. § 841(a)(1) ...................................................................... 3

21 U.S.C. § 846 ............................................................................... 2

28 U.S.C. § 1291 ............................................................................. 2

28 U.S.C. § 2241 .............................................................. 1, 5, 7, 9, 16, 21

28 U.S.C. § 2241(c)(3) ................................................................... 8, 9

SESSION LAW

First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194................................. 18

FEDERAL REGISTER

FSA Time Credits, 87 Fed. Reg. 2705 (Jan. 19, 2022) ......................................... 11

REGULATIONS

28 C.F.R. § 2.35 ............................................................................. 11

28 C.F.R. § 523.44(a) ...................................................................... 11

28 C.F.R. § 523.44(d) ...................................................................... 11

28 C.F.R. § 542.13(a) ................................................................... 16-17

28 C.F.R. § 542.14(a) ...................................................................... 16

28 C.F.R. § 542.15(a) ...................................................................... 16

28 C.F.R. §§ 542.10-542.19 ............................................................... 16

## FEDERAL RULES

Fed. R. App. P. 4 .............................................................................................. 6

Fed. R. Civ. P. 12(b)(6) ........................................................... 2, 5, 7, 15, 18

## OTHER

*Black's Law Dictionary* (12th ed. 2024) .............................................. 12

## STATEMENT REGARDING ORAL ARGUMENT

The facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

JURISDICTIONAL STATEMENT

On September 25, 2023, Petitioner-Appellant Terrell Anthony Hargrove [hereinafter Hargrove], while incarcerated at the Federal Correctional Institution in Elkton, Ohio [hereinafter FCI Elkton], filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio, seeking to have time credit applied to his sentence under the First Step Act of 2018, 18 U.S.C. § 3632 [hereafter FSA].  (R. 1 Pet. PageID # 1-9.) Hargrove alleged that one of "the sentence he is currently serving is not within the FSA's list of disqualifying offenses," and therefore, the BOP wrongfully declined to apply FSA time credits.  (*Id*. PageID # 6-7.)  Hargrove argued that futility excuses him from exhausting his administrative remedies.  (*Id*. PageID # 7.)

On August 28, 2024, the district court granted the Motion to Dismiss filed by Respondent-Appellee Ian Healy, Warden of FCI Elkton [hereinafter Warden Healy], for failure to state a claim upon which relief may be granted.  (R. 11 Return of Writ and Mot. to Dismiss PageID # 58-67; R. 20 Mem. Op. & Order PageID # 131-140.) It held that Hargrove did not exhaust his administrative remedies, and regardless, his sentences were properly aggregated to determine FSA time credit.  (*Id.*)  That same day, the district court entered judgment for Warden Healy, dismissing Hargrove's Petition in its entirety.  (R. 21 Order of Dismissal PageID # 141.)

1

Hargrove filed a timely Notice of Appeal on September 6, 2024. (R. 22 Notice of Appeal PageID # 142.) This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291, which confers jurisdiction to the court of appeals from all final decisions of the district courts. This appeal is from a final order or judgment that disposes of all parties' claims. (R. 21 Order of Dismissal PageID # 141.)

STATEMENT OF THE ISSUES

1.    Whether the case is moot because Hargrove has since been released from prison, and because FSA time credits may not be used to shorten a period of supervised release.

2.    Whether the district court correctly dismissed the Petition pursuant to Rule 12(b)(6) due to Hargrove's failure to exhaust administrative remedies, and because Hargrove's sentences were properly aggregated to determine time credit in any event.

STATEMENT OF THE CASE

I.    FACTS RELEVANT TO THE ISSUES

On July 11, 2006, Hargrove was sentenced to twelve years[1] in prison followed by five years of supervised release for Conspiracy to Distribute and Possession with the Intent to Distribute Cocaine in violation of 21 U.S.C. § 846, as well as Possession

---

[1] On January 5, 2012, Hargrove's sentence was reduced to ten years in prison. (*United States v. Hargrove*, No. 3:06-cr-0026 (E.D. Va. Jan. 5, 2012), Order Reducing Sentence, ECF No. 35, PageID # 53.)

2

of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §

924(c).  (*See United States v. Hargrove*, No. 3:06-CR-0026 (E.D. Va. July 11, 2006),

J. in a Criminal Case, ECF No. 19, PageID # 441-42.)  On November 16, 2016,

Hargrove was released from custody of the Bureau of Prisons [hereinafter BOP] to

begin his period of supervised release.  (*Id.*  (E.D. Va. Dec. 21, 2017), Pet. & Order

on Supervised Release, ECF No. 63, PageID # 171-72.)

In 2017, while on supervised release for his 2006 cocaine and firearm

convictions, Hargrove was charged with Distribution of Heroin in violation of 21

U.S.C. § 841(a)(1), which also violated the terms of his supervised release.  (*Id.*; *see*

*also United States v. Hargrove*, No. 3:18-cr-0001 (E.D. Va. Dec. 7, 2017), Criminal

Compl., ECF No. 1, PageID # 1.)  The Court conducted a hearing on both issues.

(*See United States v. Hargrove*, No. 3:06-cr-0026 (E.D. Va. May 25, 2018),

Supervised Release/Probation Violation Hr'g, ECF No. 70, PageID # 195.)  On the

heroin charge, the court sentenced Hargrove to almost four years in prison followed

by five years of supervised release.  (*See United States v. Hargrove*, No. 3:18-cr-

0001 (E.D. Va. May 29, 2018), J. in a Criminal Case, ECF No. 34, PageID # 171-

176.)  On the supervised release violation, the court revoked Hargrove's supervised

release and sentenced him to just under five years in prison, to run consecutively to

the other sentence.  (*See United States v. Hargrove*, No. 3:06-cr-0026 (E.D. Va. May

29, 2018), Order, ECF No. 71, PageID # 196-97.)

3

On April 19, 2023, while incarcerated at FCI Elkton, Hargrove submitted a Regional Administrative Remedy Appeal Request (#1163736), seeking FSA time credits. (R. 11 Return of Writ and Mot. to Dismiss Attach. 1 Decl. of Robert Jensen ("Jensen Decl.") at ¶ 6 PageID # 69.) The BOP denied this request because Hargrove failed to first file an administrative claim with Warden Healy. (*Id.*) Hargrove took no further action on request #1163736. (*Id.*)

On June 27, 2023, Hargrove submitted a Request for Administrative Remedy (#1166422) with the Warden, again seeking FSA time credits. (*Id.* ¶ 7.) The Warden denied this request, after which Hargrove filed a Regional Administrative Remedy Appeal. (*Id.* PageID # 69-70.) The BOP denied the regional office appeal. (*Id.* PageID # 70.) Hargrove took no further action on request #1166422. (*Id.*)

On September 20, 2023, Hargrove submitted another Request for Administrative Remedy (#1176227) with the Warden, for a final time seeking FSA time credits. (*Id.* ¶ 8.) On October 5, 2023, the Warden denied this third attempt by Hargrove to obtain FSA time credits. (*Id.*) Hargrove took no further action concerning request #1176227. (*Id.*)

On November 22, 2024, Hargrove was released from BOP custody and began serving his period of supervised release for the heroin conviction. (Appellant's Br. PageID # 18; *see also United States v. Hargrove*, No. 3:18-cr-0001 (E.D. Va. May 29, 2018), J. in a Criminal Case, ECF No. 34, PageID # 171-76.)

4

## II.    PROCEDURAL HISTORY

On September 25, 2023, Hargrove filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming that "the sentence he is currently serving is not within the FSA's list of disqualifying offenses," and thus, that the BOP is erroneously declining to apply FSA time credits toward his early release. (R. 1 Pet. PageID # 6.)  Hargrove also asserted that exhaustion of his administrative remedies would be futile because he is being irreparably harmed.  (*Id*. PageID # 7.)  On December 13, 2023, Warden Healy moved to dismiss the Petition pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (1) Hargrove failed to exhaust his administrative remedies, and (2) Hargrove's aggregate term of incarceration included a violation of 18 U.S.C. § 924(c), which rendered him ineligible for FSA time credits.  (R. 11 Return of Writ and Mot. to Dismiss PageID # 58-67.)

On August 7, 2024, prior to ruling on Warden Healy's motion to dismiss, the district judge entered an order asking the parties to submit a statement containing each party's position on the court's continued jurisdiction, noting that Hargrove was no longer confined to FCI Elkton in Ohio and had since been transferred to a residential reentry facility in Raleigh, North Carolina.  (R. 15 Order PageID # 120.)

On August 28, 2024, the district court found that it had jurisdiction to adjudicate Hargrove's Petition and granted Warden Healy's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  (R. 20 Mem. Op. &

5

Order PageID # 131-140.)  The district court held that Hargrove failed to exhaust his administrative remedies, and that the futility exception did not apply to Hargrove. (*Id.* PageID # 136.)  The district court also found that "the BOP reasonably aggregated [Hargrove]'s terms of imprisonment and determined that he was ineligible for FSA time credits." (*Id*. PageID # 139.)  That same day, the district court dismissed Hargrove's petition in its entirety.  (R. 21 Order of Dismissal PageID # 141.)

On September 6, 2024, Hargrove filed a time Notice of Appeal pursuant to Fed. R. App. P. 4(a).  (R. 22 Notice of Appeal PageID # 142.)

III.     RULINGS PRESENTED FOR REVIEW

Hargrove's appeal seeks review of the district court's August 28, 2024, Memorandum of Opinion and Order and Judgment (R. 20 Mem. Op. & Order PageID # 131-140; R. 21 Order of Dismissal PageID # 141), which dismissed Hargrove's Petition for a Writ of Habeas Corpus (R. 1 Pet. Page ID # 1-9).  (R. 22 Notice of Appeal PageID # 142.)

SUMMARY OF ARGUMENT

This case is moot.  No live case or controversy exists for this Court to adjudicate because Hargrove has been released from BOP custody.  Moreover, since FSA time credits cannot be used to shorten a period of supervised release, there is no continuing harm that Hargrove is incurring.

6

Even if the case were not moot, it was still properly dismissed by the district court on two bases. First, Hargrove failed to exhaust his administrative remedies, and second, Hargrove's sentences were properly aggregated for purposes of determining FSA time credit. Accordingly, this Court should affirm the dismissal of Hargrove's petition.

ARGUMENT

I.      <u>STATEMENT OF THE STANDARD OF REVIEW</u>

This Court reviews a judgment dismissing a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus de novo. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (citing *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)); *Rosales-Garcia v. Holland*, 322 F.3d 386, 400-01 (6th Cir. 2003) (citing *Asad v. Reno*, 242 F.3d 702, 704 (6th Cir. 2001)). The Court may affirm on any appropriate grounds. *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). This includes mootness, which divests the Court of jurisdiction. *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).

Similarly, this Court reviews de novo a district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Stein v. hhgregg, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017) (citing *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012)). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is

7

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Dismissal is appropriate where, as here, factual allegations do not "raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

## II.     THIS CASE IS MOOT.

A court "can only adjudicate actual, ongoing cases or controversies." *Lowery v. United States,* No. 4:20-cv-02440, 2021 WL 3209925, at *1 (N.D. Ohio July 29, 2021) (citing *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990)).  A court "lacks jurisdiction where the case before it is moot." *Sandhu v. Garland*, No. 3:23-CV-00088, 2023 WL 3173699, at *2 (N.D. Ohio May 1, 2023) (citing *Carras v. Williams*, 807 F.2d 1286, 1289 n.5 (6th Cir. 1986)).  Because mootness implicates jurisdiction under Article III of the United States Constitution, mootness may be raised at any point in the proceedings, including on appeal. *See, e.g.*, *Brock*, 256 F. App'x at 750.

### A.     The Court Cannot Grant Hargrove's Requested Relief Because He Is No Longer In BOP Custody.

The heart of a Section 2241 petition for writ of habeas corpus is a challenge to the BOP's authority to keep an individual detained.  28 U.S.C. § 2241(c)(3); *see*

8

*also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("habeas corpus is an attack by a person *in custody* upon the legality of that custody . . . ") (emphasis added). "'Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.'" *Prieto v. Gluch*, 913 F.2d 1159, 1162-63 (6th Cir. 1990) (quoting *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988)). Stated otherwise, a prisoner's release from BOP custody generally moots a habeas petition and divests the court of jurisdiction. *Lane v. Williams*, 455 U.S. 624, 632 (1982). This is because being "in custody" is a requirement to pursue habeas relief under Section 2241. 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus *shall no*t extend to a prisoner *unless* — (3) He is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Here, Hargrove contends that his "case continues to present a 'live case or controversy' despite being released from the BOP" on November 22, 2024. (Appellant's Br. PageID # 17.) He is mistaken. Because Hargrove admits that he is no longer in BOP custody (*Id.* PageID #18), he cannot show any imprisonment at all, let alone imprisonment that violates the laws of the United States. 28 U.S.C. § 2241(c)(3). Since Hargrove is not in BOP custody, this Court cannot issue the writ, and since the court cannot grant the requested relief, the petition is moot. *Carras*, 807 F.2d at 1289 ("Mootness results when events occur during the pendency of a

9

litigation which render the court unable to grant the requested relief.") (citations omitted).

There are two narrow exceptions to mootness in cases like this—namely, where the released petitioner can establish (1) that he or she will suffer a future collateral consequence as a result of the detention, or (2) that the case is "'capable of repetition, yet evading review.'" *Lane,* 455 U.S. at 633-34 (quoting *S. Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911)). Hargrove alleges neither continuing collateral consequences nor that the case is capable of repetition yet evading review.

Because Hargrove's petition is moot and no exception applies, this Court should affirm the lower court's dismissal.

B. <u>FSA Time Credits Cannot Be Applied Against a Term of Supervised Release.</u>

Hargrove claims that his appeal is not moot because he is still serving a term of supervised release, and because FSA time credits may be applied towards this term of supervision. (Appellant's Br. PageID # 18.) This argument is not supported by law.

As an initial matter, the FSA's plain language makes clear that time credits cannot be applied to shorten a term of supervised release. FSA time credits apply only to a term of imprisonment to effectuate an earlier start date of supervised release. *See* 18 U.S.C. § 3632(d)(4)(C). "Once an offender is conditionally released

10

from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect . . . to shorten the period of supervision . . . ."  28 C.F.R. § 2.35.

The BOP's implementing regulations, which were adopted after notice-and-comment rulemaking, *see* FSA Time Credits, 87 Fed. Reg. 2705, 2706 (Jan. 19, 2022), directly address "how time credits may be applied." 28 C.F.R. 523.44(a) (capitalization omitted).  Those regulations specifically state that earned time credits may be applied "toward early transfer to supervised release" when eligibility requirements are met.  28 C.F.R. 523.44(d).  The regulations do not expressly authorize time credits to be used to reduce a term of supervised release.  Thus, by negative implication, BOP regulations foreclose applying FSA time credits in that manner.

Notwithstanding this clear authority, Hargrove argues that the language of the 18 U.S.C. § 3632(d)(4)(C) permits the application of FSA time credits to a term of supervised release.  (Appellant's Br.  PageID # 17.)  The relevant portion of 18 U.S.C. § 3632(d)(4)(C), however, does not state that FSA time credits may be credited *against* a period of supervised release but that "[t]ime credits earned under this paragraph . . . shall be applied *toward* time in prerelease custody or supervised release." *Id*. (emphasis added).  By using the word *toward* in Section 3632(d)(4)(C), Congress directed that time credits should be applied to a term of imprisonment to

11

effect an earlier date for supervised release. *See Black's Law Dictionary* (12th ed. 2024) (defining "toward," in relevant part, as "[i]n the direction of; on a course or line leading to (some place or something)"). Had Congress intended to permit the application of FSA time credits *against* time spent in supervised release, it would have specifically authorized a reduction in supervised release rather than saying time credits may be applied *toward* it. As enacted, the language of Section 3632(d)(4)(C) allows the use of FSA time credits to start supervised release sooner—not to reduce the term of supervised release itself.

This interpretation is further supported by the statute's full phrase, "toward time in prerelease custody." *See* 18 U.S.C. § 3632(d)(4)(C) (stating that time credits "shall be applied toward time in prerelease custody or supervised release"). The phrase "toward time in prerelease custody" undoubtedly refers to a transfer to spend more time in prerelease custody—not a reduction of the time spent in it—because prerelease custody benefits a prisoner by permitting him to serve his custodial sentence at home or in a halfway house rather than a traditional BOP facility. Most prisoners want to transfer from prison into prerelease custody earlier rather than later—they want more, not less, time in prerelease custody in relation to their overall sentence. Thus, the only way to apply time credits "toward time in prerelease custody" that creates an incentive for participation in recidivism reduction

programming—the very purpose of FSA's time credit system—is to apply those credits toward an earlier transfer to prelease custody. *Id.*

The cross-referenced provision, Section 3624(g)(3), likewise confirms this interpretation. Section 3632(d)(4)(C) instructs BOP to transfer eligible prisoners "as determined under section 3624(g). . . ." Section 3624(g), in turn, states that time credits may be used for BOP to "transfer [a] prisoner to begin any such term of supervised release at an earlier date . . . based on the application of time credits under section 3632." 18 U.S.C. 3624(g)(3). This language confirms that FSA time credits only allow a defendant to begin supervised release ahead of schedule.

Hargrove's reliance on *Dyer v. Fulgam* for the proposition that FSA time credits may be applied against a term of supervised release is unpersuasive. No. 1:21-CV-299-CLC-CHS, 2022 WL 1598249 (E.D. Tenn. May 20, 2020). In *Dyer*, a prisoner appealed his claims to this Court, but the appeal was dismissed when Dyer obtained early termination of his supervised release. (*See Dyer v. Fulgam*, No. 22-5608 (6th Cir. June 6, 2023) Doc. 35 Joint Motion to Dismiss Appeal as Moot; *id.* Doc. 26 Order Dismissing Appeal.) Thus, this Court never reached a decision on the merits, and the case is not binding.

Further, nearly every court facing the issue since *Dyer* has declined to follow its reasoning, instead holding that FSA time credits may not be used to shorten a period of supervised release.

13

> [T]he FSA allows a prisoner to either complete the service of their sentence in prerelease custody or complete their term of supervised release at an earlier date by transferring the prisoner to supervised release at an earlier date—the FSA does not allow a prisoner to reduce the imposed length of supervised release.

*United States v. Calabrese*, No. 1:11-CR-00437, 2023 WL 1969753, at *3 (N.D. Ohio Feb. 13, 2023).  *See also Harrison v. Fed. Bureau of Prisons*, No. 22-14312, 2022 WL 17093441, at *1 (S.D. Fla. Nov. 21, 2022) ("'FSA credits cannot be used to shorten a term of supervised release. Rather, the credits can only be used to allow early transfer to supervised release.'"); *see also Bryant v. Garza*, No. 4:22-CV-1907, 2024 U.S. Dist. LEXIS 65411, at *7 (N.D. Ohio Feb. 23, 2024) (quoting *Calabrese*, 2023 WL 1969753 at *3) ("[T]he FSA does not allow a prisoner to reduce the imposed length of supervised release."); *Gonzalez v. Pierre-Mike*,  No. 1:23-CV-11665-IT, 2023 U.S. Dist. LEXIS 163767, at *12   (D. Mass. Sep. 14, 2023) (rejecting *Dyer*, concluding that Section 3632(d)(4)(C) does not allow application of FSA credits to supervised release); *United States v. Courmier*, No. 1:16-CR-19(6), 2023 U.S. Dist. LEXIS 147766 (E.D. Tex. Aug. 22, 2023), at *10 (rejecting early termination of supervised release); *Camara v. Neely*, No. 7:23-cv-00009-ACA-HNJ, 2023 U.S. Dist. LEXIS 118715,  at *7 n.6 (N.D. Ala. June 8, 2023), *report and recommendation adopted,* 2023 U.S. Dist. LEXIS 117839 (N.D. Ala. July 10, 2023) (collecting cases) (holding that the controlling statutes "do not permit the use of FSA credits to shorten a term of supervised release").

14

Holding otherwise and allowing a prisoner to shorten his term of supervised release would fly in the face of public policy.  The purpose of supervised release is to "fulfill[] rehabilitative ends, distinct from those served by incarceration."  *United States v. Johnson*, 529 U.S. 53, 59 (2000) (citing 18 U.S.C. § 3553(a)(2)(D));  U.S. Sent'g  Guidelines Manual §§ 5D1.3(c), (d), (e) (U.S. Sent'g Comm'n 1998); *see also* S. Rep. No. 98-225, at 124 (1983) (stating that the primary goal of supervised release is to ease a defendant's transition into the community after a long sentence, or to provide rehabilitation to a defendant who served a shorter term but still needs supervision and training).  When a court decides whether a sentence should include a period of supervised release, one consideration is the degree of assistance the individual will require to transition from imprisonment to post-confinement life.  18 U.S.C. § 3553(a)(2)(D) (stating the court shall consider the defendant's need for "education or vocational training, medical care, [and] other correctional treatment . . .").  To achieve the goals of supervised release, an offender must follow through on its terms.

In sum, the plain language of the statute, the great majority of case law, and public policy considerations all weigh against the use of FSA time credits to shorten a period of supervised release.  Thus, the Court should reject Hargrove's argument on this issue and conclude that the case is still moot.

III.    THE  DISTRICT  COURT  CORRECTLY  DISMISSED  THE  PETITION PURSUANT TO RULE 12(b)(6).

A.     Hargrove Did Not Exhaust His Administrative Remedies, and No Exception Applies.

The district court properly dismissed Hargrove's Petition because he failed to exhaust his administrative remedies. Prior to seeking habeas corpus relief under Section 2241, a federal prisoner must first exhaust his administrative remedies. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Although exhaustion is not statutorily mandated for Section 2241 petitions, courts have consistently required exhaustion in the habeas context. *Byrd v. Fed. Bureau of Prisons*, No. 21-5911, 2022 U.S. App. LEXIS 5329, at *3-4 (6th Cir. Feb. 28, 2022); *see also Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Guida v. Nelson*, 603 F.2d 261, 262 (2d Cir. 1979); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974); *Paden v. United States*, 430 F.2d 882, 883 (5th Cir. 1970).

The BOP administrative remedy procedure is set forth at 28 C.F.R. §§ 542.10-542.19. To begin, "an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue . . . ." 28 C.F.R. § 542.13(a). If informal efforts do not resolve the matter, the inmate may submit a written Administrative Remedy Request within 20 days of the date on which the event occurred, to which the Warden will respond. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he or she may appeal to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied

16

with the Regional Director's response, he or she may file a Central Office Appeal the BOP's Office of General Counsel in Washington, D.C. within 30 days. *Id.* Appeal to the General Counsel is the final step in the administrative appeal process. *Id.*

Hargrove admits that he has not exhausted his administrative remedies. Instead, he claims that futility excuses him from exhaustion. (*Id.* PageID #7.) Futility is a narrow exception to the exhaustion requirement. *Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir. 2010) (citing *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 235-36 (6th Cir. 2006)). Futility applies only when the agency has indicated that it does not have jurisdiction over the matter, or when the agency has taken a strong position on the issue that it is unwilling to reconsider. *Jackson v. Fed. Bureau of Prisons*, No. 1:07CV1622, 2007 U.S. Dist. LEXIS 55448 at *6 (N.D. Ohio July 31, 2007) (citation omitted); *Fleenor v. Booker*, No. 05-CV-108-JMH, 2005 U.S. Dist. LEXIS 36191 at *7 (E.D. Ky. July 18, 2005). Here, Hargrove does not allege that the BOP lacks jurisdiction over, or has evidenced a strong position on, his claims. Accordingly, his failure to exhaust is not excused on grounds of futility.

In a factually analogous case before the Eastern District of Kentucky, the Court rejected the argument that exhaustion would be futile because "the petitioner [failed to] demonstrate[] how or why he believes that following the BOP administrative procedures would be futile." *Fleenor*, 2005 U.S. LEXIS 36191 at *6-

17

8 (citation omitted). The court further explained that, had the petitioner simply followed the proper administrative channels, the petitioner would have already exhausted his administrative remedies leaving the court the ability to address petitioner's claims on the merits. *Id.*

The same is true here. Hargrove does not explain why exhaustion would have been futile. "[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *Mackey v. Ward,* 128 F. App'x 676, 677 (10th Cir. 2005). Accordingly, Hargrove's claims were properly dismissed pursuant to Rule 12(b)(6).

B.     Hargrove's Sentences Were Properly Aggregated for Purposes of Determining FSA Time Credits.

The district court correctly dismissed the Petition pursuant to Rule 12(b)(6) for the additional reason that Hargrove's sentences were properly aggregated for purposes of determining FSA time credits.

Enacted in 2018, the FSA addresses reentry of the incarcerated, directing the BOP to take specific actions regarding programming incentives and good-time credit. Pub. L. No. 115-391, 132 Stat. 5194 (2018). The BOP uses a risk and needs assessment system to determine whether an inmate has a minimum, low, medium, or high risk of recidivism, and then decides the recidivism reduction programming that is appropriate for each inmate. 18 U.S.C. § 3632(a)(1) and (3). This system

18

creates incentives—including time credits—to encourage inmate participation in recidivism reduction programming.  18 U.S.C. § 3632(d).

However, there are certain classes of inmates who are ineligible for FSA time credits.  This includes inmates convicted of particular crimes, such as those who possessed or used a firearm in relation to a drug trafficking crime.  18 U.S.C. § 3632(d)(4)(D)(xxii).  The statute states in pertinent part: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence . . . relating to unlawful possession or use of a firearm during . . . any crime of violence or drug trafficking crime."  *Id.*

Hargrove was serving time for two separate sentences.  First, he was incarcerated for a supervised release violation, which related back to his conviction for possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)—a crime that clearly renders an inmate ineligible for FSA time credits.  (*See United States v. Hargrove*, No. 3:06-cr-0026 (E.D. Va. May 29, 2018), Order, ECF No. 71, PageID # 196-97.)  *See also* 18 U.S.C. § 924(c).  Second, he was incarcerated for distribution of heroin—a crime that is does not render an inmate ineligible for time credits.  (*See United States v. Hargrove*, No. 3:18-cr-0001 (E.D. Va. May 29, 2018), J. in a Criminal Case, ECF No. 34, PageID # 171-176.)  *See also* 18 U.S.C. § 3632(d)(4)(D).  Hargrove asserts that these two sentences should have been treated separately for purposes of applying FSA time credits, and that he should

19

have been permitted to earn credit toward his sentence for the non-violent offense. (Appellant's Br. PageID # 20-23.) This argument is misguided.

For administrative purposes, Hargrove's multiple sentences must be treated as "a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). This mandatory aggregation of multiple sentences applies when determining eligibility for time credits under the FSA. *See Ledford v. Lemaster*, No. 23-30-DLB, 2023 U.S. Dist. LEXIS 52677 at *6 (E.D. Ky. Mar. 28, 2023) (rejecting the argument "that the mandatory aggregation required by Section 3584(c) should be disregarded for purposes of FSA eligibility") (citing *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021)); *Chambers,* 852 F. App'x at 649; *Moreno v. Ives*, 842 F. App'x 18, 21-22 (9th 2020). Indeed, "courts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, 'are administrative functions of the BOP subject to § 3584(c).'" *Keeling v. LeMaster*, No. 22-6126, 2023 U.S. App. LEXIS 31169 at *3-4 (6th Cir. Nov. 22, 2023) (quoting *Sok v. Eischen*, No. 22-cv-458, 2022 U.S. Dist. LEXIS 212513, at *12 (D. Minn. Oct. 26, 2022); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 U.S. App. LEXIS 18026 at *4 (3d Cir. July 17, 2023) (holding that calculation of an inmate's term of imprisonment is an administrative purpose well within the BOP's responsibilities as charged by Congress) (citation omitted).

20

In *Keeling*, a federal prisoner sought relief under 28 U.S.C § 2241, claiming that the BOP improperly denied the application of FSA time credits on the portion of his sentence not attributable to his § 924(c) conviction. 2023 U.S. App. LEXIS 31169 at *1-2. This Court rejected Keeling's argument and affirmed the district court's finding that Petitioner's aggregated sentence precluded him from earning FSA time credits. *Id*. at *2-4.

Other courts have held the same. *Cortez v. Hemingway*, No. 2:22-cv-12234, 2023 U.S. Dist. LEXIS 112467 at *4 (E.D. Mich. June 29, 2023) ("[B]ecause Petitioner is in fact serving his Section 924(c) sentence as part of his 'single, aggregate term of imprisonment,' he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied."); *Ledford*, 2023 U.S. Dist. LEXIS 52677 at *6; *Teed*, 2023 U.S. App. LEXIS 18026 at *4; *Goodman v. Sage*, No. 4:22-CV-00981, 2022 U.S. Dist. LEXIS 233946 at *6-7 (M.D. Pa. Dec. 30, 2022) (finding petitioner statutorily ineligible to receive FSA time credits where his aggregate sentence included a violation of 18 U.S.C. § 924(c)); *Rose v. Yates*, No. 2:22-cv-00214 BSM/PSH, 2023 U.S. Dist. LEXIS 76553 at *7 (E.D. Ark. May 2, 2023) (denial of petition for relief under § 2241 where Petitioner's sentence included a violation of 18 U.S.C. § 924(c), which rendered him statutorily ineligible to receive FSA time credits).

21

In sum, the mandatory aggregation of multiple sentences pursuant to 18 U.S.C. § 3584(c) applies when determining eligibility for time credits under the FSA. Like the prisoner in *Keeling* and countless other cases, Hargrove is ineligible for FSA time credits because his aggregate sentence includes a violation of 18 U.S.C. § 924(c). Accordingly, the district court properly dismissed Hargrove's petition for failure to state a claim.

## IV.    CONCLUSION

For the foregoing reasons, this Court should affirm the lower court's dismissal of Hargrove's Petition for a Writ of Habeas Corpus.

Respectfully submitted,

CAROL M. SKUTNIK
Acting United States Attorney
Northern District of Ohio

BY: */s/ Kimberly L. Lubrani*
Kimberly L. Lubrani
Assistant United States Attorney
United States Court House
801 West Superior Ave., Suite 400
Cleveland, OH 44113
T: (216) 622-3703
Email: Kimberly.Lubrani@usdoj.gov
Attorney for Appellee

22

CERTIFICATE OF SERVICE

I hereby certify that, on March 14, 2025, the foregoing Brief of Appellee was filed electronically. Notice will be sent to all parties by operation of the Court's electronic filing system.

CAROL M. SKUTNIK
Acting United States Attorney


BY: */s/ Kimberly L. Lubrani*
Kimberly L. Lubrani
Assistant United States Attorney
United States Court House
801 West Superior Ave., Suite 400
Cleveland, OH 44113
T: (216) 622-3703
Email: Kimberly.Lubrani@usdoj.gov

# ADDENDUM

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

The following documents from the district court's record are designated as relevant district court documents pursuant to 6 Cir. R. 28(b)(1)(A)(i) and 30(g)(1):

| RECORD ENTRY NUMBER | DESCRIPTION OF DOCUMENT | PAGEID # |
|---|---|---|
| *Hargrove v. V. Warden Healy*, No. 4:23-cv-1857 | | |
| 1 | Petition under 28 U.S.C § 2241 | 1-9 |
| 11 | Return of Writ and Motion to Dismiss | 58-67 |
| Attach. 1 | Declaration of Robert Jensen | 69-70 |
| 15 | Order | 120 |
| 20 | Memorandum of Opinion and Order | 131-40 |
| 21 | Order of Dismissal | 141 |
| 22 | Notice of Appeal | 142 |
| *United States v. Hargrove*, No. 3:06-cr-0026 | | |
| 19 | Judgment in a Criminal Case | 441-42 |
| 35 | Order Reducing Sentence | 53 |
| 63 | Petition and Order on Supervised Release | 171-72 |
| 70 | Supervised Release/Probation Violation Hearing | 195 |
| 71 | Order | 196-97 |

| *United States v. Hargrove*, No. 3:18-cr-0001 ||||
|---|---|---|
| 1 | Criminal Complaint | 1 |
| 34 | Judgment in a Criminal Case | 171-76 |